**In re Jerry R. SALANDRO.**

**No. 01–1394 (Serial No. 08/317,990).**

United States Court of Appeals, Federal Circuit.

Feb. 28, 2002.

Before MICHEL, DYK, and PROST, Circuit Judges.

MICHEL, Circuit Judge.

Jerry R. Salandro appeals from the decision of the United States Patent and Trademark Office's Board of Patent Appeals and Interferences ("Board"), affirming-in-part the examiner's rejection under 35 U.S.C. § 103 of Salandro's United States Patent Application No. 08/317,990. *Ex parte Salandro,* Appeal No.1998–0148 (Bd. Pat.App. & Int. July 10, 2000). Because the Board's underlying factual findings are supported by substantial evidence and its ultimate conclusion of obviousness is not erroneous, we *affirm.*

## BACKGROUND

The '990 application, entitled "Signal Router with Cross–Point View Graphical Interface," is directed to a routing apparatus using a matrix of cross-point switches for directing any number of electrical signals on a plurality of input channels to any number of output channels. It has particular application to routing audio and video signals in the broadcasting, security, and multimedia fields. Claim 1, one of two independent claims, is representative:

1.  A signal router comprising:

a matrix of cross-point switches comprising an array of source channels and an array of destination channels forming cross-points, and cross-point switches at said cross-points selectively connecting selected source channels to selected destination channels when closed;

a display device displaying a pictorial representation of said matrix of cross-point switches;

input means through which cross-point switches in said matrix of cross-point switches are selected from said pictorial representation on said display device; and

a digital computer programmed to generate in response to selection of cross-point switches in said matrix of cross-point switches made from said pictorial representation through said input means, control signals closing the selected cross-point switches to connect the selected source channels to the selected destination channels.

The examiner rejected claims 1–6 and 15–23 as obvious under 35 U.S.C. § 103 in light of United States Patent No. 5,179,-550 ("Simpson"). Simpson, which relates to user-controlled interactive computer display systems, discloses both a system and method for controlling a multi-point matrix switch to route signals in a communication system. On appeal, the Board reversed the examiner's rejection of claim 5 (and hence claims 6 and 15–23, which depend from claim 5) because it found that Simpson failed to teach the particular intersection of source channels and destination channels as claimed in claim 5. However, the Board rejected Salandro's argument that Simpson does not teach graphically or pictorially displaying the cross-point switches at all, and therefore sustained the rejection of the broadest claims, claims 1–4. After the Board denied his request for rehearing, Salandro timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

The Board's legal conclusion of obviousness is a question of law we review *de novo*. *In re Rouffet*, 149 F.3d 1350, 1355, 47 USPQ2d 1453, 1455 (Fed.Cir.1998). However, we review the Board's underlying factual findings for substantial evidentiary support. *Dickinson v. Zurko*, 527 U.S. 150, 164–65, 119 S.Ct. 1816, 144 L.Ed.2d 143, 50 USPQ2d 1930, 1936 (1999); *In re Gartside*, 203 F.3d 1305, 1316, 53 USPQ2d 1769, 1775 (Fed.Cir. 2000). Substantial evidence is that quantum of evidence that a reasonable mind might accept as adequately supporting the conclusion for which it was proffered. *See Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

The Board determined that claim 1 of the Salandro application requires "some sort of indescript [sic] display 'picture,' which represents the actual components of a matrix of cross-point switches." The basis for the Board's display picture requirement of claim 1 essentially rests on the doctrine of claim differentiation: claim 5, which depends from claim 1, specifically claims displaying a pictorial representation "as a first pattern of generally parallel

stripes ... and a second pattern of generally parallel stripes ... generally perpendicular to said first pattern of parallel stripes to form intersections representing said cross-point switches." In light of this specific recitation in claim 5, the Board concluded that claim 1 required only a general pictorial representation—"a representation which is something less than intersection 63 [showing perpendicular stripes representing the cross-point switches]"—which then brought the scope of claim 1 into the purview of Simpson. The Board therefore sustained the examiner's rejection as to claims 1–4.[1]

Salandro argues on appeal that the Board decision is unsupported by substantial evidence because the Board read claim 1 unreasonably broadly to require "something less" than the intersection in Salandro's exemplary display to represent the matrix of switches. That is, Salandro asserts that there must be "something" that represents the switches other than blank spaces; otherwise, the disclosure in the specification would make no sense. Alternatively, Salandro reasserts his argument that Simpson does not graphically or pictorially display the cross-point switches of a switching matrix at all. Neither argument has merit.

However one might quibble with its terminology, the Board's construction that claim 1 required a pictorial display of "something less" than claim 5 was merely a deferential reference to the maxim of claim differentiation. *Wright Med. Tech., Inc. v. Osteonics Corp.*, 122 F.3d 1440, 1445, 43 USPQ2d 1837 (Fed.Cir.1997) ("[W]e must not interpret an independent claim in a way that is inconsistent with a claim which depends from it....."). And,

whatever that "something less" might be, substantial evidence supports the Board's finding that Simpson discloses and teaches a graphical or pictorial display of cross-point switches of a switching matrix, Salandro's argument to the contrary notwithstanding:

> Fig. 7 illustrates scroll area screen for assigning "build" and "connect" vectors [that] *graphically represent signal paths between sources and destinations* .... Sources such as SCFNHSA are similarly listed on the left side, while destinations such as MCC9 are listed on the right side. It is particularly useful to [the] operator to have physical and logical ports aligned appropriately against sources and destinations *in a graphical and easy-to-read format* .... In accordance with an important aspect of the present invention, the lines shown connecting source ports to destination ports *visually represent signal routing paths between sources and destinations* as selected by [the] operator.

'550 patent, col. 8, II.-17–21, 44–47, 62–66 (emphasis added).

We therefore see no error in the Board's conclusion of obviousness with respect to independent claim 1. And because Salandro acknowledged that claims 2–4 rise or fall with claim 1, we likewise see no error in the Board's conclusion with respect to those claims. The decision of the Board sustaining the examiner's rejection of claims 1–4 is therefore affirmed.

---

1. Salandro asserted before the Board and now before us that claims 1–4 rise and fall together. Thus, the conclusion regarding claim 1 also disposes of claims 2–4. *See In re Dance*, 160 F.3d 1339, 1340 n. 2, 48 USPQ2d 1635, 1636 n. 2 (Fed.Cir.1998) (noting that dependent claims not argued separately on the merits rise or fall with the independent claim to which they relate).